# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JOE STRINGHAM,**

**Plaintiff,**

**v.** **Case No: 6:13-cv-1204-Orl-22KRS**

**EYM DINER OF FLORIDA, LLC, RICHARD S. COHEN, ELIZABETH COHEN and JOLYON COWAN,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S VERIFIED APPLICATION FOR ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES, AND EXPERT FEES (Doc. No. 31)** |
| **FILED:** | **May 27, 2014** |

## I. PROCEDURAL HISTORY.

Plaintiff, Joe Stringham, initiated this case on August 9, 2013 by filing a complaint alleging violation of Title III of the Americans with Disabilities Act ("ADA") against Eym Diner of Florida, LLC d/b/a Denny's Restaurant ("Eym Diner") and Richard S. Cohen, Elizabeth Cohen and Jolyon Cowan, as Trustees. Doc. No. 1. The body of the complaint refers to all of the Defendants as "Defendant." *Id.* at 1. Stringham alleged that the Defendant owned, leased, leased to or operated a place of public accommodation, specifically a Denny's Restaurant located in Winter Park, Florida (the "Property"). *Id.* at 1-2. He further alleged that the Property did not comply with the Standards

for New Constructions and Alterations contained in Americans with Disabilities Access Guidelines ("ADAAG"). *Id.* at 3-7.

On January 30, 2014, counsel for the parties notified the Court that they had reached a settlement. Doc. No. 18. They subsequently filed a Stipulation for Settlement pursuant to which Eym Diner agreed to make certain alterations to the Property. Doc. No. 27-1.[1] The Court later approved the Stipulation for Settlement and dismissed the case with prejudice. Doc. No. 30.

Stringham now seeks an award for attorneys' fees, costs and litigation expenses incurred in this case. Doc. No. 31.[2] Eym Diner filed a response to the motion in which it did not dispute Stringham's entitlement to an award of fees, costs and expenses but argued that the amount sought was not appropriate. Doc. No. 32. The presiding district judge referred the motion to the undersigned for disposition.

## II. ANALYSIS.

The ADA provides that that the Court has discretion to award a reasonable attorney's fee, including litigation expenses, and costs to the prevailing party. 42 U.S.C. § 12205. Stringham is the prevailing party here because the Court approved the Stipulation for Settlement. *See Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002).

### *A. Attorney's Fees.*

The Court uses the lodestar method to determine a reasonable attorney's fee. *See, e.g., Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1349-50 (S.D. Fla. 2006). To establish the lodestar amount, the Court determines the number of hours an attorney reasonably worked on

[1] Because the Stipulation for Settlement was entered into only by Stringham and Eym Diner, I conclude that Stringham has abandoned his claims against the individual defendants.

[2] Stringham previously filed a motion for an award of fees, expenses and costs, Doc. No. 21, which was denied without prejudice because the Court had not yet approved the Stipulation for Settlement, Doc. No. 26.

the litigation and multiplies those hours by the attorney's reasonable hourly rate in the legal community in which the case was filed. *Id.* at 1350.

Stringham seeks $7,812.00 in attorney's fees for 18.6 hours of work perform by Jeannette E. Albo, Esq. Attorney Albo submits that $420.00 per hour is a reasonable hourly rate for her work in this case. Attorney Albo filed a time sheet (Doc. No. 21-2)[3] and an affidavit of her experience (Doc. No. 31-2) in support of the motion.[4] Eym Diner contends that the number of hours Attorney Albo worked were excessive and that the hourly rate she seeks is not the prevailing market rate for an attorney of her experience in a case of this type in central Florida.

1. Reasonable Hourly Rate.

Attorney Albo avers that she has been a practicing attorney for 20 years. Doc. No. 31-3 ¶ 1. In support of the original motion for an award of attorney's fees, Attorney Albo filed a fee affidavit from a case in the United States District Court for the Western District of Texas (Doc. No. 21-4), an Affidavit of Dana J. Watts, Esq., from a case filed in the Tampa Division of this Court (Doc. No. 21-5), an affidavit of Darren J. Elkind, Esq., filed in an ADA case in this Division of this Court (Doc. No. 21-6), court orders in *Casa Marina Owner, LLC*, from the Southern District of Florida, and *Hoewischer*, from the Jacksonville Division of this Court (Doc. Nos. 21-7, 21-9), and an unsworn email listing hourly rates of attorneys in Tampa without disclosing the type of case involved (Doc. No. 21-8).

[3] Eym Diner argues that the Court should not consider the time sheet because it was not refiled in support of the renewed motion. However, Eym Diner did not refile its exhibits to its response to the original fee motion in support of its response to the renewed motion. Therefore, I recommend that the Court consider the exhibits filed by the parties in connection with the original fee motion and response thereto as part of the renewed motion and response thereto.

[4] Although the motion references the experience of Thomas Bacon, Esq., co-counsel for Plaintiff, there is no time sheet showing that Attorney Bacon performed work in this case for which he seeks an award of fees.

The fee affidavit from the Texas case and the *Case Marina Owner, LLC* court order (Doc. No. 21-7) are not relevant because they do not address the prevailing market rates in this legal community. I recommend that the email not be considered because it is not sworn and there is no information regarding the type of underlying litigation.

In *Hoewischer*, Judge Schlesinger found that $425.00 an hour was a reasonable hourly rate in a Title III ADA case for an attorney with 24 years of experience in the absence of objection. Doc. No. 21-9. Attorney Watts, who had more than 30 years of experience, averred that a Defendant in a Title III ADA case agreed to pay her $300.00 per hour. Doc. No. 21-5 at 2. Attorney Elkind averred that $350.00 per hour was reasonable for the work of an attorney with more than 30 years of experience in a Title III ADA case, but the Court found that $300.00 was the attorney's reasonable hourly rate. *See Harty v. Mal-Motels, Inc.*, Case No. 6:10-cv-1333-Orl-28GJK, 2012 WL 6541873, at 5 (M.D. Fla. Nov. 26, 2012), *report and recommendation adopted*, 2012 WL 6535212 (M.D. Fla. Dec. 14, 2012).[5]

Eym Diner cites to a July 2013 decision from the Southern District of Florida in which the Court found that a reasonable hourly rate for Attorney Albo's work was $300.00 per hour in a Title III ADA case. *Petinsky v. Hussain*, Case No. 13-60519-CIV, Doc. No. 19 (S.D. Fla. July 9, 2013), *report and recommendation adopted, id.*, Doc. No. 20 (S.D. Fla. July 31, 2013). I am aware that hourly rates are generally higher in the Southern District of Florida than the hourly rates customarily used in the Middle District of Florida. Eym Diner argues that Attorney Albo's reasonable hourly rate in this legal community is $300.00 per hour.

[5] The Court has consulted The Florida Bar website, www.floridabar.org, for information on the attorneys' respective years of experience.

I recommend that the Court find that $300.00 per hour is a reasonable hourly rate for Attorney Albo's work in this case, which is consistent with the hourly rates this Court found to apply in *Harty* and a generous hourly rate in light of the finding in *Petinsky*.

2. Reasonable Number of Hours.

Under the law in this circuit, Eym Diner's objections to the number of hours worked must be specific and reasonably precise. *Am. Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999). Eym Diner argues generally that Stringham seeks fees for work that is excessive, redundant, secretarial, not appropriately billed by experienced trial counsel, or otherwise unnecessary. Doc. No. 32 at 9. This objection is not specific or precise. Therefore, I recommend that the Court consider only Eym Diner's specific objections to 3.0 hours of work preparing the complaint and 3.3 hours of work preparing the fee motion as excessive. Doc. No. 32 at 11.

**a. Hours to Prepare Complaint.**

In support of its argument that the time spent preparing the complaint was excessive, Eym Diner filed a number of complaints alleging violation of Title III of the ADA filed by Attorney Albo. It contends that these complaints show that the complaint filed in this case is a form that requires only minimal modification from case to case. Doc. No. 25-5.

Comparison of the previous complaints with the complaint in this case supports Eym Diner's argument that the complaints are formulaic. Attorney Albo must supply the correct name of the plaintiff, his residence and his disability in each complaint. She must provide the correct name of the defendant(s) and identify the place of public accommodation that allegedly does not comply with the ADA. She must identify the court in which the complaint is filed. Finally, she must identify the alleged ADA violations in one paragraph of the complaint. In all other respects, the allegations of the complaints are virtually the same.

Attorney Albo submits that she worked 3.0 hours drafting the complaint and summons, revising it and preparing it for service in this case. Doc. No. 21-2 (7/19/2013 – 2.2 hours; 8/1/2013 -- 0.3 hours; 8/5/2013 – 0.5 hours). Initially, I note that preparing the complaint and summons for service are clerical tasks that are not compensable. *See, e.g., Cusson v. Illuminations, I, Inc.*, No. 1:121-cv-87-SPM/GRJ, 2013 WL 103225, at * 5 (N.D. Fla. 2013). Therefore, I recommend that 0.5 hours on August 5, 2013 to "[p]repare complaint and summons for service" be disallowed. Attorney Albo also spent some part of 2.2 hours on July 19, 2013 to prepare the summons, which is clerical work. Accordingly, I recommended that 0.2 hours be disallowed on that date.

I recommend that the Court find the remaining 2.3 hours preparing and revising the complaint is reasonable. Attorney Albo must review the preliminary expert report, identify the alleged ADA violations, and incorporate them specifically into the complaint as well as making the other modifications to identify the defendants, the property at issue and the court in which the case is filed.

**b. Hours to Prepare Fee Motion.**

Eym Diner also contends that 3.3 hours is unreasonable to prepare the fee motion and exhibits thereto. *See* Doc. No. 21-2 at 4 (2/24/14 –3.3 hours). In support of this argument, it relies on fee requests Attorney Albo filed in other cases that are substantially similar to the papers filed in this case. *See* Doc. Nos. 25-3, 23-6.

Eym Diner's argument is supported by comparison of the fee requests in the other cases to the fee motion filed in this case. Indeed, Attorney Albo even included in the fee motion in this case the paragraphs from other fee requests about the skill and experience of Thomas B. Bacon, Esq., even though there is no request for an award of fees for the work of Attorney Bacon in this case. *Compare* Doc. No. 31 at 3-4 *with* Doc. No. 25-3 at 5-6. Because the filing appears to be so

formulaic, I recommend that the Court find that 1.0 hour would be reasonable to prepare the fee motion.

In sum, I recommend that the Court deduct 0.7 hours from the time spent preparing and revising the complaint and summons and 2.3 hours from the time spent preparing the fee petition. This results in 15.6 total hours reasonably worked by Attorney Albo.

3. Lodestar.

I recommend that the Court find that the lodestar attorney's fees in this case is $4,680.00, computed as follows: $300.00 reasonable hourly rate x 15.6 reasonable number of hours = $4,680.00.

*B. Expert Fees.*

As discussed above, the ADA permits the Court to award reasonable litigation expenses, including expert fees. *Harty v. Bapuji, Inc.*, No. 8:10-cv-2720-T-27TBM, 2012 WL (M.D. Fla. May 17, 2012), *report and recommendation adopted*, 2012 WL 2050373 (M.D. Fla. June 6, 2012). Stringham seeks $5,534.00 in expert fees. He relies on the invoice from the expert, Charles D. Childers. Doc. No. 21-10. Mr. Childers' invoice reflects charges of $200.00 per hour for his ADA inspection work, $25.00 per hour for his travel time, and compensation of expenses he incurred. Doc. No. 21-10. Stringham also filed Mr. Childers' *curriculum vitae*, Doc. No. 21-11, but no evidence of an hourly rate approved for Mr. Childers in other cases.

Eym Diner contends that $200.00 is not a reasonable hourly rate for Mr. Childers' ADA inspection work. In *Bapuji*, this Court approved $150.00 per hour for the work of an expert in an ADA case. 2012 WL 2044970, at *4. I recommend that the Court find that this is a reasonable hourly rate for Mr. Childers' ADA inspection work in the absence of evidence supporting a higher hourly rate in this case.

Eym Diner argues that Mr. Childers should not receive an hourly rate for travel time and that he should not be compensated for his mileage because Stringham's counsel could have hired a local expert, rather than an expert in Miami, to inspect the Property, which is located in Winter Park, Florida. Eym Diner's argument is well taken. In *Association for Disabled Americans, Inc. v. Integra Resort Management, Inc.*, 385 F. Supp. 2d 1272, 1304 (M.D. Fla. 2005), the Court held that an ADA expert should not be paid an hourly rate for travel time absent a showing that there was no qualified expert locally who could have performed the work. Therefore, I recommend that the Court deduct $784.00 from the requested expert fee, comprised of 16 hours of travel at $25.00 per hour and 960 miles of travel at $0.40 per mile.

Eym Diner also asserts that there was no need for Mr. Childers to conduct separate inspections of the Property, one preliminary inspection on February 12, 2013 and a second inspection on November 13, 2013. Even though Eym Diner raised this objection in its response to the original fee petition, Doc. No. 25 at 13, Stringham provided no information in the renewed motion explaining why the second inspection was necessary. There being no showing that a second inspection was reasonable or necessary, I recommend that the Court deduct 11 hours of the expert's time spent in relation to the second inspection. Doc. No. 21-10 at 2 (11/13/2013 – 1.0 hours second inspection; 11/18/2013 – 4.0 hours analyzing reinspection data and printing photographs; 11/18/2013 – 4.0 hours researching ADA violations, organizing photographs and preparing report; 11/18/2103 – 1.0 hours printing and binding final ADA inspection report; 1.0 hours phone conversations with Plaintiff's Counsel concerning ADAAG violations and necessary modifications to property).[6]

[6] I am aware that the Court's ADA Scheduling Order required Eym Diner to make the Property available for inspection. Doc. No. 9 at 1. Nothing in the order required Stringham to conduct a second inspection absent some reason to believe that the Property had changed after the original inspection.

Eym Diner also objects to time recorded by Mr. Childers for telephone conversations with Plaintiff's counsel on February 11, 2013 (1.0 hours), February 26, 2013 (1.0 hours) and November 7, 2013 (1.0 hours) because the subject-matter of the conversations is not set forth in the expert's invoice. It was reasonable for Mr. Childers to confer with counsel for Stringham on February 11, 2013 about his retention to inspect the Property. It was also reasonable for Mr. Childers to explain his findings to Stringham's counsel on February 6, 2013 following the initial inspection. Therefore, I recommend that the Court allow 1.0 hour each for the conversations that took place on February 11 and 26, 2013. However, the conversation on November 7, 2013 concerned scheduling a reinspection of the property, which has not been shown to have been necessary. Therefore, I recommend that the Court deduct 1.0 hour from the expert's time for the telephone conversations on November 7, 2013.

Eym Diner asserts that 1.0 hour for Mr. Childers to prepare the consolidated invoice is excessive. If the consolidated invoice is the Description of Service Rendered, Doc. No. 21-10, the document is simply a time sheet of work performed and expenses incurred. I recommend that the Court find that 0.50 hour is reasonable for preparation of this document.

If these recommendations are accepted, the reasonable number of hours by Mr. Childers worked would be 11.5. Doc. No. 21-10 (2/11/2013 – 1.0 hours; 2/12/2013 – 1.0 hours; 2/18/2013 – 6 hours; 2/26/2013 – 3 hours; 2/3/2013 – 0.50 hours). The reasonable expert fee would be 11.5 hours multiplied by the $150.00 reasonable hourly rate for a total fee of $1,725.00.

Finally, Stringham seeks an award of $750.00 as the anticipated cost of the expert reinspection of the property after the agreed modifications have been made. Doc. No. 31 at 12. Even though the Stipulation for Settlement entered into by the parties does not provide for a reinspection, Eym Diner does not object to the Court awarding a reasonable reinspection fee of

$200.00. Doc. No. 32 at 14. Mr. Childers' invoice reflects that he required 1.0 hour to inspect the Property on each date on which he conducted an inspection. Doc. No. 21-10. Therefore, I recommend that the Court find that a reinspection fee of $200.00, at an hourly rate of $150.00 per hour, is reasonable for Mr. Childers' to reinspect the property and advise counsel for Stringham of his findings.

Eym Diner does not object to the miscellaneous expenses in the amount of $50.00 reflected on Mr. Childers invoice.

Accordingly, I recommend that the Court find that the reasonable expert fees and expenses total $1,975.00 ($1,725.00 expert fee + $200.00 reinspection fee + $50.00 miscellaneous expenses).

*C. Costs*.

Stringham submits that he paid a $400.00 filing fee and a $45.00 service of process fee. Doc. No. 21-2. The docket of the case confirms the filing fee, and Eym Diner does not object to the service of process fee. These are taxable costs under 28 U.S.C. § 1920. Therefore, I recommend that the Court award $445.00 in costs.

**III. RECOMMENDATION.**

For the reasons discussed above, I **RESPECTUFLLY RECOMMEND** that the Court do the following:

1. **GRANT in part** Plaintiff's Verified Application for Attorneys' Fees, Costs, Litigation Expenses, and Expert Fees (Doc. No. 31);

2. **AWARD** Stringham $4,680.00 in attorney's fees, $1,725.00 in expert fees and expenses, $445.00 in costs, and a $200.00 reinspection fee, for a total award of $7,050.00; and,

3. **DENY** Plaintiff's Verified Application for Attorneys' Fees, Costs, Litigation Expenses, and Expert Fees in all other respects.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 17, 2014.

Karla R. Spaulding
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy